Amanda Kuklinski, AZ Bar No. 035676
Eva Vasquez; AZ Bar No. 039497
Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@weilerlaw.com
evasquez@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Randall Ruben**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**SV Super Sale Bin Store, Inc.**, an Arizona company; and **Sameer Qasem** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ*.**<br><br>**(Jury Trial Requested)** |

Plaintiff Randall Ruben ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendants SV Super Sale Bin Store, Inc., ("**SV Super**"); and Sameer Qasem; (**"Defendants"**), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members[1] are current and/or former store

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

workers (or similar titled) employed by Defendants.

2. Plaintiff brings this action on behalf of himself and all other similarly situated Collective Members, who were not fully compensated for their overtime and Arizona minimum wages.

3. Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members were compensated below the Arizona minimum wage threshold.

5. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**") and unlawful failure to pay minimum wage in violation of the A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

6. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, treble damages, interest, attorneys' fees, and costs under the FLSA and AMWS.

7. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

10. Plaintiff and the Collective Members' state law claim is sufficiently related to their federal claim that they form the same case or controversy. This Court therefore has supplemental jurisdiction over their claims under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

## PARTIES

11. At all relevant times to the matters alleged herein, Plaintiff Randall Ruben resided in the District of Arizona.

12. At all relevant times to the matters alleged herein, Plaintiff Randall Ruben was a full-time employee of Defendants from in or around July 2024 to present.

13. At all relevant times to the matters alleged herein, Plaintiff Randall Ruben was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. At all relevant times to the matters alleged herein, Plaintiff Randall Ruben was an employee of Defendants as defined by A.R.S. § 23-362(A).

15. At all relevant times to the matters alleged herein, Plaintiff Randall Ruben was a non-exempt employee of Defendants.

16. Defendant SV Super is a company authorized to do business in Arizona.

17. Defendant SV Super was Plaintiff's employer as defined by 29 U.S.C. §

203(d).

18. Defendant SV Super was Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. Defendant Sameer Qasem is an Arizona resident.

20. Defendant Sameer Qasem directly caused events to take place, giving rise to this action.

21. Defendant Sameer Qasem is the owner of SV Super.

22. Defendant Sameer Qasem is an employer of SV Super.

23. Defendant Sameer Qasem is the general manager of SV Super.

24. Defendant Sameer Qasem is the secretary of SV Super.

25. Defendant Sameer Qasem is the statutory agent for SV Super.

26. Defendant Sameer Qasem has been at all relevant times, Plaintiff's employer as defined by 29 U.S.C. § 203(d).

27. Defendant Sameer Qasem has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

28. Defendant Sameer Qasem has significant ownership interest in SV Super.

29. Defendant Sameer Qasem has operational control in SV Super.

30. Defendant Sameer Qasem has significant day-to-day functions for SV Super.

31. Defendant Sameer Qasem supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

32. Defendant Sameer Qasem instructed employees not to clock in or out.

33. Defendant Sameer Qasem determined the rate and method of Plaintiff's payment of wages.

34. Plaintiff informed Defendant Sameer Qasem that employees were being paid below minimum wage when he first started.

35. Defendant Sameer Qasem maintained employment records.

36. Defendant Sameer Qasem has possession and/or control of Plaintiff's payroll records.

37. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Sameer Qasem is subject to individual and personal liability under the FLSA and AMWS.

38. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

39. Defendants, and each of them, are sued in both their individual and corporate capacities.

40. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

41. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

42. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

43. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in

2024.

44. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2025.

45. At all relevant times, Plaintiff was engaged in commerce or the production of goods for commerce.

46. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

47. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

48. Plaintiff would process credit card payments for Defendants.

49. Plaintiff is a covered employee under individual coverage.

50. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF NOPERI**

51. The entity Defendant is a retail store.

52. On or around July 2024, Plaintiff Randall Ruben commenced employment with Defendants as store worker.

53. Plaintiff's primary job duties included customer service, cleaning, and stocking.

54. When Plaintiff Randall Ruben started working for Defendants, he was only paid $14.15 an hour.

55. Plaintiff informed Defendant Sameer Qasem that this rate of pay was below minimum wage.

56. Defendant Sameer Qasem changed employees' rate of pay to $15.00 an hour in or around the end of February 2025.

57. Defendants did not provide backpay for the unpaid minimum wages.

58. Plaintiff Randall Ruben routinely worked in excess of 40 hours per week.

59. Defendants paid Plaintiff straight time for all hours worked over 40 hours.

60. Defendants did not have employees punch in or out.

61. Often times, when Plaintiff received a paystub, it would only reflect 40 hours per week, even though he worked more hours.

62. Plaintiff was paid in cash for hours worked over 40.

63. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

64. For example, during the work week of February 17, 2025, Plaintiff Randall Ruben estimates that he worked around 44.3 hours and did not receive overtime pay.

65. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

66. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

67. Defendants required Plaintiff to work overtime as a condition of his employment.

68. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

69. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

70. Defendants did not pay employer taxes on Plaintiff's wages.

71. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

72. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

75. The proposed collective class for the FLSA claim is defined as follows:

**All store workers (or similar job titled); who work[ed] for Defendant SV Super and/or Sameer Qasem; within the past three years; who work[ed] over 40 hours in any given workweek, or were paid below Arizona minimum wage for any workweek; as a past or present worker are known as (the "Collective Members").**

76. Plaintiff has given his written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

77. Plaintiff's signed consent form is attached as **"Exhibit 1".**

78. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

79. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all

time in excess of forty (40) hours per workweek and/or below Arizona minimum wage that Defendants suffered or permitted them to work.

80. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

81. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendants with overtime pay for all hours they worked over forty in a given workweek and/or were paid below Arizona minimum wage.

82. The Collective Members perform or have performed the same or similar work as Plaintiff.

83. Plaintiff and the Collective Members were only paid straight time for all hours worked over 40 in a given workweek and/or paid below Arizona minimum wage.

84. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime and minimum wage.

85. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

86. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

87. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation minimum wage and for hours worked in excess of

forty (40) during a given workweek.

88. Notice of this action should be sent to all similarly situated employees.

89. There are numerous similarly situated employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

90. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

91. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

93. While employed by Defendants, Plaintiff and the Collective Members worked numerous hours of overtime that Defendants did not pay.

94. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

95. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

96. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the

FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

97. As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

98. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: (FAILURE TO PAY MINIUM WAGE – ARIZONA MINIMUM WAGE STATUTE

99. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

100. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

101. Defendants intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wage according to the provisions of the Arizona Minimum Wage Statute.

102. In addition to the amount of unpaid minimum wage owed to Plaintiff and the Collective Members, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

103. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA and AMWS Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action, and permitting them to timely assert their claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that Defendants committed one or more of the following acts:

　　i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

　　ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

　　iii. Violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　　iv. Willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and treble damages pursuant to A.R.S. § 23-364(g), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action

set forth herein;

  F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

  G. Such other relief as this Court shall deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 15, 2025.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
  5050 N. 40th St., Suite 260
  Phoenix, AZ 85018
  Attorneys for Plaintiff