**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall Ruben,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SV Super Sale Bin Store Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-25-00228-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Conditional Certification. (Doc. 42.) For the following reasons, the Court will grant the Motion.

## I.    Background

Plaintiff brought this action on behalf of himself and other similarly situated individuals to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Arizona Minimum Wage Statute ("AMWS"), A.R.S. §§ 23-362–23-364. (*See* Doc. 22 ¶¶ 2–5.) On December 31, 2025, the Clerk of Court entered default against Defendants Ahmad Alzfifah, GV Super Sale Bin Store Incorporated, and Super Sale Bin Store LLC. (Doc. 37.) On April 22, 2026, the Court granted counsel for Defendants SV Super Sale Bin Store, Inc. ("SV Super") and Sameer Qasem's Motion to Withdraw as Counsel. (Doc. 53.)[1] In its April 22 Order, the Court extended the deadline for Defendants Qasem and SV Super to respond to Plaintiff's Motion for Conditional

---

[1] Defendant Qasem now proceeds pro se. Because corporations may appear in federal court only through licensed counsel, the Court provided SV Super with 30 days to obtain new counsel. (Doc. 53 at 1–2.) SV Super failed to obtain counsel by the deadline, and on June 5, 2026, the Court granted Plaintiff's Motion to Strike SV Super's Answer. (Doc. 55.)

Certification to May 20, 2026 and warned that "failure to serve and file a response to the motion 'may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.'" (*Id.* at 3 (quoting LRCiv 7.2(i)).) Defendants have not responded to the Motion.

"[W]hen a party fails to respond to a motion, this District's Local Rules allow a court to deem the non-responsiveness as consent to the relief sought and summarily grant the motion." *Next League Exec. Bd. LLC v. Biden*, 758 F. Supp. 3d 1029, 1036–37 (D. Ariz. 2024). In light of Defendants' failure to respond, good cause exists to summarily grant Plaintiff's Motion for Conditional Certification. Nevertheless, the Court briefly addresses the merits of Plaintiff's Motion.

## II.    Conditional Certification

The FLSA authorizes collective actions where the workers: (1) claim a violation of the FLSA; (2) are similarly situated; and (3) affirmatively opt in to the joint litigation in writing. *See Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 682–83 (9th Cir. 2025) (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018)). In the Ninth Circuit, courts follow a two-step certification procedure. *Id.* at 683 (explaining that the two-step approach has been "endorsed" and "approved" for use in this circuit).

> As this process most often functions, plaintiffs will, at some point around the pleading stage, move for "preliminary certification" of the collective action, contending that they have at least facially satisfied the "similarly situated" requirement. *See* 1 McLaughlin on Class Actions § 2:16. Later, after the necessary discovery is complete, defendants will move for "decertification" of the collective action on the theory that the plaintiffs' status as "similarly situated" was not borne out by the fully developed record. *Id.*

*Campbell*, 903 F.3d at 1100. The sole consequence of a successful motion for preliminary certification is the sending of court-approved written notice to workers who may wish to join the litigation. *Id.* at 1101 (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)).

Members of the proposed collective action are similarly situated to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims. *Id.* at

1114, 1117. The plaintiffs' burden is light at this stage, and motions for conditional certification are typically granted. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Plaintiffs need only make substantial allegations that members are similarly situated, and the "district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 732 (D. Ariz. 2022) (citing *Campbell*, 903 F.3d at 1109, 1115).

Plaintiff has met his burden of showing members of the potential collective action are similarly situated at the preliminary certification stage. Plaintiff defines members of the proposed collective class as:

> All store workers (or similar job titled); who work[ed] for Defendant SV Super Sale Bin Store, GV Super Sales Bin Store, Super Sale Bin Store, Ahmad Alzfifah and/or Sameer Qasem; within the past three years; who work[ed] over 40 hours in any given workweek, or were paid below Arizona minimum wage for any workweek; as a past or present worker are known as (the "Collective Members").

(Doc. 22 ¶ 123; Doc. 42 at 1.) Plaintiff alleges he and the Collective Members have substantially similar job requirements and pay provisions, routinely worked over 40 hours in a given workweek, and were not compensated for hours worked over 40 in a week at a rate of one and one-half times their regular rate, in violation of Section 207 of the FLSA. (Doc. 22 ¶¶ 127–35); *see* 29 U.S.C. § 207(a)(1). Thus, Plaintiff and the Collective Members appear to share issues of law and fact that are material to the disposition of their FLSA claims. *See Campbell*, 903 F.3d at 1117.

Plaintiff's Motion is supported by his declaration and the declaration of another former employee, Alexa Hawkins. (*See* Docs. 42-1, 42-2.) Plaintiff avers that while working for Defendants he did not punch in or out, his paystubs would reflect only 40 hours per week even though he worked more than 40 hours per week, and he was paid in cash for hours worked over 40 at his regular hourly rate or sometimes not paid at all. (Doc. 42-1 ¶¶ 15–20.) Plaintiff states he personally witnessed two other employees with the same job title and duties, Jamal Ahmad and Nicholas Kochenderfer, work similar schedules and also not receive overtime pay. (*Id.* ¶¶ 21–24.) Hawkins avers she worked at Super Sale Bin

Store LLC for approximately four months, routinely worked more than 40 hours per week, did not punch in or out, was paid by cash, and was paid straight time or sometimes nothing at all for hours worked over 40 hours per week. (Doc. 42-2 ¶¶ 2–9.) Hawkins states she personally witnessed another employee with the same job title, job duties, and compensation as her, Isabella Stewart, work a similar schedule and not receive time and half for overtime. (*Id.* ¶¶ 11–12.) Plaintiff has raised substantial allegations that he and other employees of Defendants worked overtime and were not paid time and a half for overtime hours, pursuant to the same practices and policies. *See Colson*, 687 F. Supp. 2d at 926 ("The evidence must only show that there is some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." (citation and internal quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Conditional Certification (Doc. 42) is **granted**. The Court conditionally certifies this matter as a collective action under 29 U.S.C. § 216(b) with respect to all current and former employees as described in Plaintiff's Motion for Conditional Certification, who worked for Defendants ("Collective Members").

**IT IS FURTHER ORDERED** that, to the extent applicable,[2] Plaintiff's proposed opt-in procedures and form of notice are **authorized**. (*See* Doc. 42 at 10–13; Doc. 42-3.) Defendants shall provide Plaintiff's counsel within three (3) days of this Order the names, all known addresses, all known email addresses (work and personal), employee identification number, last four digits of social security numbers, dates of employment, and phone numbers for all Collective Members, ("Class List").

Defendants shall provide such information in a computer-readable format. Plaintiff's counsel shall mail a copy of the "Notice of Collective Action" and "Consent Form," via regular U.S. Mail and via electronic mail to all persons contained on the list within seven (7) days of receiving the list from Defendants. Collective Members shall also

---

[2] As noted above, the Clerk of Court has already entered default as to Ahmad Alzfifah, GV Super Sale Bin Store Incorporated, and Super Sale Bin Store LLC, and the Court struck SV Super Sale Bin Store, Inc.'s answer after it failed to obtain new counsel.

be given the option to execute their Consent Forms electronically online. In the body of the email notice, Plaintiff's counsel shall provide a link for electronic execution of the Consent form. All consent forms shall be returned to Plaintiff's counsel who in turn will be responsible for filing them with the Court.

Defendants shall post the Notice of Collective Action and Consent Form in a conspicuous place at each of their businesses for the full 90-day opt in period. Defendants shall also include the Notice of Collective Action and Consent Form on the first regular payday after the Court grants this motion with all current workers' paystubs.

The Collective Members shall have ninety (90) days from the date of the mailing of the Notice and Consent Form to file their Notice of Consent opting-in to this lawsuit as plaintiffs, unless good cause can be shown as to why the consent was not postmarked prior to the deadline.

Forty-five (45) days before the deadline to opt in, Plaintiff's counsel shall send the Notice of Collective Action and Consent Form to those class members who have not yet joined the lawsuit in the same manner described above.

Further, Defendants are hereby prohibited from retaliating, directly or indirectly, against any potential Collective Member. Defendants shall instruct all of its owners and managers of this prohibition.

Dated this 8th day of June, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 5 -