**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Randall Ruben,<br>Plaintiff,<br>v.<br>SV Super Sale Bin Store Incorporated, et al.,<br>Defendants. | No. CV-25-00228-TUC-JGZ<br>**ORDER** |

Pending before the Court is Defendant Sameer Qasem's Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c). (Doc. 65.) For the following reasons, the Court will deny the Motion.

## I. Background

On May 15, 2025, Plaintiff brought this action on behalf of himself and other similarly situated individuals to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Arizona Minimum Wage Statute ("AMWS"), A.R.S. §§ 23-362–23-364. (*See* Doc. 22 ¶¶ 2–5.) On April 22, 2026, the Court granted counsel for Defendants SV Super Sale Bin Store, Inc. ("SV Super") and Sameer Qasem's Motion to Withdraw as Counsel. (Doc. 53.)[1] The Court explained that "[t]he withdrawal of counsel does not impact this case as to Sameer Qasem who will be required to represent himself unless and until he obtains new counsel," and "this case will not be stayed or

[1] Because corporations may appear in federal court only through licensed counsel, the Court provided SV Super with 30 days to obtain new counsel. (Doc. 53 at 1–2.) SV Super failed to obtain counsel by the deadline, and on June 5, 2026, the Court granted Plaintiff's Motion to Strike SV Super's Answer. (Doc. 55.)

delayed with respect to Defendant Sameer Qasem." (*Id.* at 1–2.) The Court extended Defendant Qasem's deadline to respond to Plaintiff's Motion for Conditional Certification to May 20, 2026. (*Id.* at 3.) Qasem did not respond to Plaintiff's Motion, and the Court granted it on June 9, 2026. (*See* Doc. 57.)[2]

On July 9, 2026, Plaintiff moved to strike Qasem's answer for failing to obey multiple court orders regarding discovery; Qasem failed to serve initial disclosures and to comply with the Court's order granting Plaintiff's motion for conditional certification. (Doc. 59 at 2.) On July 17, 2026, Plaintiff and Qasem filed their Joint Notice Regarding Cross Motions for Summary Judgment, which included Qasem's position. (Doc. 60.) The Court granted Plaintiff's request to hold the dispositive motion deadline in abeyance pending a decision on the motion to strike Qasem's answer. (Doc. 61.) The Court warned Qasem that it would grant Plaintiff's motion summarily if he did not respond by July 23, 2026. (*Id.*) Qasem did not respond, and on July 31, 2026, the Court granted Plaintiff's motion to strike and directed Plaintiff to move for entry of default as to Qasem within 30 days. (Doc. 62.)

Plaintiff filed an Application for Entry of Default on August 5, 2026, and the Clerk of Court entered default against Qasem on August 19, 2026. (Docs. 63, 66.) On August 14, 2026, Qasem filed a response to the application for entry of default and, in the alternative, the pending Motion to Set Aside Entry of Default. (Docs. 64, 65.) Plaintiff responded in opposition. (Doc. 67.)

**II. Discussion**

Qasem argues the entry of default should be set aside because he was out of the country from May 25, 2026 to July 28, 2026 due to a family emergency and therefore did not receive relevant documents mailed to him until after he returned to the United States. (Doc. 65 at 1–2.) Qasem states he disputes Plaintiff's claims and he has records showing Plaintiff was paid for all hours worked. (*Id.* at 2.)

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). To

[2] The Court ordered Defendants to provide Plaintiff's counsel personal information for all collective members as described in Plaintiff's Motion. (Doc. 57 at 4.)

determine "good cause" a court considers three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (noting that courts consider the same factors in setting aside entry of default as in setting aside default judgment). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside default." *Mesle*, 615 F.3d at 1091. However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

Plaintiff argues Qasem has failed to show good cause to set aside default. (*See* Doc. 67.) The Court agrees. First, Qasem's culpable conduct led to the default. A defendant's conduct is culpable for purposes of the good cause factors "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001)). Despite the Court's explicit warnings that "Defendant Sameer Qasem must comply with all deadlines and complete this case regardless of the status of Defendant SV Super Sale Bin Store, Inc.," (Doc. 53 at 3), Qasem did not obtain new counsel or file a single document in the four months between his counsel's withdrawal and Plaintiff's application for entry of default. Moreover, Qasem received Plaintiff's filings, including the motion to strike, via email while he was out of the country, and he communicated with Plaintiff's counsel via email during that time. (*See* Docs. 67-1, 67-2.) His carefully-worded assertion that he "did not receive those *mailed* documents" until he returned to the country is devious and disingenuous; he had received the documents via email.

Qasem also failed to participate in the case before leaving and after returning to the country. He did not respond to Plaintiff's motion for conditional certification, and his

response was due on May 20, 2026, before he left the country.[3] He still has not served initial disclosures, filed a new answer, or provided information on potential collective members. This is not a case where an unrepresented defendant failed to respond to a complaint through "simple carelessness"; Qasem was represented by counsel for almost a year, and he was aware of the status of the case and his obligation to represent himself once his counsel withdrew. *See Mesle*, 615 F.3d at 1092–93; *see also Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1004–05 (N.D. Cal. 2015) (holding employer's conduct was not culpable in FLSA case because he had only a basic grasp of English, was not familiar with the legal process, and believed he had filed all necessary paperwork with the court). Qasem's conduct shows an intent to hinder judicial proceedings as to which jurisdiction is unchallenged. *See Gambol Indus., Inc. v. M/Y Heart's Desire*, 626 F. Supp. 3d 1138, 1144–45 (C.D. Cal. 2022) (citing *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989)).

Second, Qasem has failed to present specific facts that would constitute a meritorious defense. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (reasoning that a mere general denial without facts to support it is not enough to justify vacating a default). Qasem claims Plaintiff was paid minimum wage for all hours worked and he has paystubs and a ledger supporting that position. (Doc. 65 at 2.) Qasem's Motion does not include specific facts relating to Plaintiff's or the potential collective members' pay or hours worked. Qasem also does not deny, even summarily, that he failed to pay overtime wages as alleged in Count I of Plaintiff's complaint. (*See* Doc. 22 at 14–15.) If Qasem had such evidence, he has had more than ample opportunity to provide it to Plaintiff's counsel.

Third, Plaintiff would be prejudiced by setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095 (quoting *TCI*, 244 F.3d at 701). "For a delay to be

[3] Importantly, Qasem showed he was both aware of case deadlines and capable of making pro se court filings because he filed a pro se motion to extend his deadline to respond to Plaintiff's motion for conditional certification after his counsel filed the motion to withdraw. (Doc. 52.) And Qasem signed his counsel's motion to withdraw, which stated Qasem was "aware of all pending court deadlines in this matter, . . . and counsel has made [hi]m aware of all pleadings filed to date." (Doc. 50 at 2.)

prejudicial, it must 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *Yan*, 78 F. Supp. 3d at 1005 (quoting *TCI*, 244 F.3d at 701). Here, Plaintiff filed his case 16 months ago. (Doc. 1.) The Court granted six requests—spanning nearly six months—for extensions for Qasem and SV Super to respond to the complaint and first amended complaint. (*See* Docs. 11, 14, 16, 18, 20, 28.) The Court held a scheduling conference, entered a scheduling order, and then granted an additional four extensions for Qasem and SV Super to respond to Plaintiff's motion for conditional certification. (*See* Docs. 44, 46, 48, 53.) The prejudice to Plaintiff is more than the loss of a "quick victory." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000). Even if the months-long delay does not constitute prejudice sufficient to independently sustain the default, Qasem has not shown good cause to set aside the default in light of the other factors.

Accordingly,

**IT IS ORDERED** that Defendant Sameer Qasem's Motion to Set Aside Entry of Default (Doc. 65) is **denied**.

Dated this 16th day of September, 2026.

Jennifer G. Zipps
Chief United States District Judge